UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONNA L GILBERT, <br> KENNETH GILBERT, <br><br> Plaintiffs, <br><br> v. <br><br> SPEEDWAY, LLC doing business as <br> SPEEDWAY SUPERAMERICA, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:12-cv-00266-TWP-TAB |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Speedway, LLC's ("Speedway") Motion to Dismiss for failure to state a claim upon which relief may be granted. (Dkt. 9.) Speedway asks the Court to dismiss Count II of Plaintiffs Donna Gilbert's ("Mrs. Gilbert") and Kenneth Gilbert's ("Mr. Gilbert's") (collectively, "the Gilberts") Complaint seeking recovery under the doctrine of *res ipsa loquitur*. (Dkt. 1-1 at 16-17.) For the reasons discussed below, Speedway's Motion to Dismiss is **DENIED**.

**I.  BACKGROUND**

Mrs. Gilbert was injured when she slipped and fell on an unknown substance at a convenience store/gasoline station operated by Speedway in Indianapolis, Indiana. In Count I of their Complaint, the Gilberts allege that Speedway and its employees were negligent in maintaining the premises, and that Speedway's negligence was the proximate cause of the Gilberts' injuries and damages. In Count II of their Complaint, the Gilberts allege that the "injuring instrumentalities" on Speedway's premises were "within the exclusive management, care and control" of Speedway and, accordingly, they seek recovery under the doctrine of *res*

*ipsa loquitur*.  Dkt. 1-1 at 16, ¶ 2.  Speedway generally denied the allegations of Count I, and has filed this motion to dismiss the allegations of Count II.

## II.  LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit.  *United States v. Clark Cnty., Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000).  The court will dismiss a complaint for failure to state a claim if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).  However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).  To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.  DISCUSSION

In Indiana, the doctrine of *res ipsa loquitur* is a rule of evidence which permits an inference of negligence to be drawn based upon the surrounding facts and circumstances of the

injury.  *Balfour v. Kimberly Home Health Care, Inc.*, 830 N.E.2d 145, 148 (Ind. Ct. App. 2005).

> To create an inference of negligence, the plaintiff must establish: (1) that the injuring instrumentality was within the exclusive management and control of the defendant or its servants, and (2) that the accident is of the type that does not ordinarily happen if those who have the management and control exercise proper care.

*Id.* (quoting *Rector v. Oliver*, 809 N.E.2d 887, 889-90 (Ind. Ct. App. 2004)).  In determining whether the doctrine applies, the question is whether the incident more probably resulted from the defendant's negligence as opposed to another cause, and a plaintiff must demonstrate that the defendant had exclusive control of the injuring instrumentality at the time of the injury.  *Id.*  "Whether the doctrine applies in any given negligence case is a mixed question of law and fact." *Vogler v. Dominguez*, 624 N.E.2d 56, 61 (Ind. Ct. App. 1993) (citing *Shull v. B.F. Goodrich Co.*, 477 N.E.2d 924, 928 (Ind. Ct. App. 1985)).

Speedway contends that Count II of the Gilberts' Complaint should be dismissed because Indiana courts have held that the doctrine of *res ipsa loquitur* is inapplicable to most slip and fall cases, and thus is inapplicable in this case as well.  *See Hale v. SS Liquors, Inc.*, 956 N.E.2d 1189, 1194 (Ind. Ct. App. 2011).  However, in all of the cases cited by Speedway, the courts were presented with evidence upon which to make such a determination, not at the motion to dismiss stage.  *E.g.  Ogden v. Decatur Cnty. Hosp.*, 509 N.E.2d 901 (Ind. Ct. App. 1987) (summary judgment); *F.W. Woolworth Co. v. Jones*, 130 N.E.2d 672 (Ind. Ct. App. 1955) (appeal from jury verdict); *Cergnul v. Heritage Inn of Ind., Inc.*, 785 N.E.2d 328 (Ind. Ct. App. 2003) (judgment on the evidence); *Hale*, 956 N.E.2d 1189 (summary judgment).  In addition, none of these cases – or any other cases in Indiana – completely foreclose the possibility of the doctrine applying in a slip and fall case, only that its application in these cases is unlikely.

The Court may only grant a motion to dismiss when it "appears beyond doubt" that there is no set of facts that would show the plaintiff is entitled to relief, and in doing so must construe all inference in favor of the plaintiffs. *Hamlin*, 95 F.3d at 583. The Gilberts have alleged in their Complaint the two requirements for *res ipsa loquitur* to apply, which are that (1) "the injuring instrumentalities, at, on and within said Premises . . . was [sic] within the exclusive management, care and control of Defendants . . . at the time and place of injury" and that (2) "the accident and injuries alleged herein are the type which do not ordinarily occur if those who have management, care and control of the interior of a business premises exercise ordinary, proper and due care." Dkt. 1-1 at 16, ¶ 2. In drawing inferences in favor of the Gilberts, there could conceivably be a set of facts under which these assertions could be true, even if these amount to "very unusual circumstances" as acknowledged by Speedway in its brief. Dkt. 12 at 1. As such, dismissal of the Gilberts' claim on a 12(b)(6) motion would be inappropriate. *See Byrne v. Am. Nat'l Red Cross*, No. 1:06-cv-1239, 2006 WL 3535811 at *2 (S.D. Ind. Dec. 7, 2006).

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Speedway's Motion to Dismiss Count II of the Gilberts' Complaint. (Dkt. 9).

SO ORDERED.

Date: 02/22/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Casey D. Cloyd
casey@cloydlaw.com

Anthony Michael Campo
ANTHONY M. CAMPO & ASSOCIATES
anthonymcampo@yahoo.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Thomas L. Davis
FROST BROWN TODD LLC
tdavis@fbtlaw.com